IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20301
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY BROOKS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-335-1
---------------------
February 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Brooks (Brooks) appeals his jury-trial conviction for possession with intent to distribute cocaine base. Brooks challenges the district court's denial of his motion to suppress and argues the evidence introduced at trial was insufficient to support his conviction.

This court reviews a ruling on a motion to suppress based upon live testimony under the "clearly erroneous" standard for findings of fact and de novo for questions of law. United States v. Muniz-Melchor, 894 F.2d 1430, 1433-34 (5th Cir. 1990). The

_____

[*] Pursuant to 5ᵀᴴ CɪR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

evidence is viewed in the light most favorable to the prevailing party. Id.

The district court did not err in denying Brooks's motion to suppress. When the officers initially drove up to Brooks and the other men standing in the Lincoln Park apartments parking lot, they intended to initiate consensual contact with the men to determine "what these guys [were] doing." As noted in United States v. Cooper, 43 F.3d 140, 145-46 (5th Cir. 1995), the officers could initiate this type of contact without any objective level of suspicion.

Regardless of their initial intent, the situation changed when they exited the van, and the officers detected the odor of marijuana. An investigatory stop is proper if based on a reasonable suspicion that criminal activity is afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968). The odor of marijuana combined with the prior observation that Brooks was smoking a cigar in a high crime area provided reasonable suspicion that Brooks was committing a crime. Id.; Illinois v. Wardlow, 528 U.S. 119, 124 (2000).

We also reject Brooks's challenge to the sufficiency of the evidence. We review the sufficiency of evidence to determine whether any reasonable jury could have found that the evidence established guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992). This court views all evidence in the light most favorable to the Government. United States v. Shabazz, 993 F.2d 431, 441 (5th Cir. 1993); United

States v. Alonzo, 681 F.2d 997, 1000 (5th Cir. 1982). All reasonable inferences are construed in accordance with the jury's verdict, and the jury is solely responsible for determining the weight and credibility of the evidence. Martinez, 975 F.2d at 161.

Officer Yencha testified that he saw Brooks drop a baggy from his hand to the ground, that the contents of the baggy tested positive for cocaine, and that, based upon his experience and training, the amount recovered by the officers was an amount consistent with possession for distribution. Brooks argues that, based upon the testimony of his lighting expert, it was too dark in the parking lot for Officer Yencha to have seen him drop the baggy. Officer Yencha testified, however, that the court-room demonstration by Brooks's lighting expert was not consistent with the amount of light present in the parking lot on the night in question, and this court will not substitute its own determination of credibility for that of the jury. Martinez, 975 F.2d at 161. Brooks raises several other challenges to Officer Yencha's testimony; we do not find Officer Yencha's testimony to be either inconsistent or incredible.

Brooks's challenges to the denial of his motion to suppress and to the sufficiency of the evidence are without merit. His conviction is AFFIRMED.